| | |
|---|---|
| 1 | Stuart A. Shanus (SBN 188046)<br>email: sshanus@reedsmith.com |
| 2 | Francisca M. Mok (SBN 206063)<br>email: fmok@reedsmith.com |
| 3 | Michael A. Garabed (SBN 223511)<br>E-mail: mgarabed@reedsmith.com |
| 4 | REED SMITH LLP<br>1901 Avenue of the Stars, Suite 700 |
| 5 | Los Angeles, CA 90067-6078<br>Telephone: +1 310.734.5200 |
| 6 | Facsimile: +1 310.734.5299 |
| 7 | Attorneys for Defendants Kyphon Sàrl<br>and Medtronic, Inc. |

RECEIVED BUT NOT FILED MAY 20 2011 4:50 pm

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
MAY 20 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | PABBAN DEVELOPMENT, INC., | No.: SACV 10-533 CJC (RNBx) |
| 11 | Plaintiff, | **DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S** |
| 12 | vs. | **ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM** |
| 13 | KYPHON SÀRL, MEDTRONIC, INC., | **AND THIRD-PARTY COMPLAINT** |
| 14 | AND DOES 1-100, | **DEMAND FOR JURY TRIAL** |
| 15 | Defendants. | Honorable Cormac J. Carney |
| 16 | KYPHON SÀRL and MEDTRONIC, INC., | |
| 17 | | |
| 18 | Counterclaimants, | |
| 19 | vs. | |
| 20 | PABBAN DEVELOPMENT, INC, | |
| 21 | Counterdefendant. | |
| 22 | KYPHON SÀRL and MEDTRONIC, INC., | |
| 23 | | |
| 24 | Third-Party Plaintiff, | |
| 25 | vs. | |
| 26 | BIOMEDICAL DEVICES INTERNATIONAL, INC. and HARRY N. | |
| 27 | HERBERT, | |
| 28 | Third-Party Defendants | |

— 1 —

Defendants Kyphon Sàrl ("Kyphon Sàrl") and Medtronic, Inc. ("Medtronic") (collectively "Defendants") respond to the First Amended Complaint of Plaintiff Pabban Development, Inc. ("Pabban") as follows:

1.  Defendants admit the allegations contained in paragraph 1 of the First amended Complaint.

## JURISDICTION AND VENUE

2.  Defendants admit the allegations contained in paragraph 2 of the First Amended Complaint.

3.  Defendants admit that court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Defendants also admit that the representations they made concerning their corporate status and principal places of business were accurate when removal was effectuated and that the action seeks damages in excess of $75,000, exclusive of interests and costs and declaratory relief. The Defendants deny the remaining allegations contained in paragraph 3 of the First Amended Complaint, and each of them.

4.  Kyphon Sàrl admits that it and Pabban entered into an Asset Purchase Agreement ("APA") that is dated as of August 7, 2008 and that Pabban is headquartered in Orange County, California. Defendants deny the remaining allegations contained in paragraph 4 of the First Amended Complaint, and each of them.

## FACTUAL BACKGROUND

5.  Defendants admit that Pabban is located in Irvine, California, that Syntech International and Bio-Medical Devices, Inc. are affiliated companies of

Pabban that operate out of a single facility, that Nick Herbert ("Herbert") is the CEO of Pabban and that Herbert manages Pabban, Syntech International and Bio-Medical Devices, Inc.

6. Defendants are without knowledge or information sufficient to form a belief as to when Pabban began the process of developing a system that would assist physicians in performing spinal surgeries. Defendants admit that one way physicians treat Vertebral Compression Fractures ("VCF") is by injecting bone cement into the site of the fracture. Defendants also admit that Vertebroplasty and Kyphoplasty are two procedures used to treat VCF. Defendants also admit that physicians face many challenges during VCF procedures. To the extent that the allegations contained in paragraph 6 of the First Amended Complaint are inconsistent herewith, Defendants deny those allegations, and each of them.

7. Defendants lack knowledge or information sufficient to form a belief as to the reasons Pabban created the Natrix System, whether it was a significant leap from existing devices in the market or whether experts in the field saw the Natrix product as a significant break through for its ability to deliver any bone fillers, for a wider period of time and with more precision and control. Defendants admit that the ability of physicians to deliver bone cement while keeping a further distance from the radiation field was a critical component of the Natrix System Pabban designed and marketed. To the extent any of the allegations of paragraph 7 of the First Amended Complaint are inconsistent herewith, Defendants deny those allegations, and each of them.

8. Defendants admit that Pabban provided the Natrix System to physicians to perform live VCF procedures to test and evaluate that product and that those physicians used the Natrix product during those procedures. Defendants also admit

that these physicians provided favorable feedback to Pabban about their experiences using the Natrix product during these live VCF procedures. Defendants also admit that Pabban represented that it finalized the development and commercialization of the Natrix product before August 2008. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the First Amended Complaint.

9. Defendants admit that in or about October 2006, Kyphon, Inc., the parent of Kyphon-Sàrl, agreed to purchase certain assets of Disc-O-Tech Technologies, Ltd. Defendants also admit that Kyphon, Inc. and the United States Federal Trade Commission ("FTC") entered into a consent decree pursuant to which it was agreed that the Disc-O-Tech Confidence product lines would be divested to an FTC approved buyer. Defendants also admit that the Disc-O-Tech Confidence product lines referenced in the consent decree were sold to De Puy Spine, Inc., a subsidiary of Johnson & Johnson Company. Defendants also admit that Medtronic agreed to acquire all of the outstanding shares of Kyphon, Inc. in July 2007. Defendants deny the remaining allegations contained in paragraph 9 of the First Amended Complaint, and each of them.

10. Defendants admit that Kyphon Sàrl and Pabban negotiated, drafted and entered into the APA. Defendants further admit that Kyphon Sàrl conducted limited due diligence of the Pabban assets and that during the due diligence process representatives of Pabban misrepresented facts in order to induce Defendants to enter the APA. Defendants further admit that at least one Medtronic employee observed live VCF procedures in which physicians used the Natrix product. Defendants further admit that Pabban represented that the Natrix product was ready to be used with patients prior to closing of the transaction the APA memorializes. Defendants deny

DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

the remaining allegations contained in paragraph 10 of the First Amended Complaint, and each of them.

11. Defendants admit that they signed the APA on or about August 7, 2008 and that as a document in writing the APA is the best evidence of the parties' respective duties and obligations. Defendants also admit that a portion of the APA is attached as Exhibit A to the First Amended Complaint. Defendants deny the remaining allegations contained in paragraph 11 of the First Amended Complaint, and each of them.

12. Defendants admit that the APA required Pabban to, among other things, transfer all of the assets related to the Natrix System to Kyphon Sàrl. Defendants also admit that Medtronic and Syntech entered into a supply agreement. Defendants deny the remaining allegations contained in paragraph 12 of the First Amended Complaint, and each of them.

13. Defendants admit that the APA requires, among other things, payments be made to Pabban if and only if Pabban satisfied all of its obligations under that contract, did not breach the representations and warranties Pabban made therein, and if and only if Pabban and its management did not commit fraud in connection with that agreement. Defendants deny the remaining allegations contained in paragraph 13 of the First Amended Complaint, and each of them.

14. Defendants admit that the APA requires, among other things, payments to be made to Pabban if and only if Pabban satisfied all of its obligations under that contract, did not breach the representations and warranties it made therein, and if and only if Pabban and its management did not commit fraud in connection with that

agreement. Defendants deny the remaining allegations contained in paragraph 14 of the First Amended Complaint, and each of them.

15. Defendants admit the allegations contained in paragraph 15 of the First Amended Complaint.

16. Defendants admit that Medtronic terminated the Global Supply Agreement with Syntech because the Natrix System had substantial defects as more fully set forth in the counterclaim submitted herewith, including a saline bag that leaked and the fact that the Natrix product could not be sterilized. Moreover, Pabban and Herbert knew of these defects prior to the closing of the APA yet hid them from Defendants. Defendants deny the remaining allegations contained in paragraph 16 of the First Amended Complaint, and each of them.

17. Defendants admit that Kyphon Sàrl has not made any additional payments to Pabban under the APA and that it delivered to Pabban an officer's certificate that complies with the APA. Defendants deny the remaining allegations contained in paragraph 17 of the First Amended Complaint, and each of them.

18. Defendants admit that Kyphon Sàrl has not made any additional payments to Pabban under the APA and that written communications were delivered to Pabban that comply with the APA. Defendants deny the remaining allegations contained in paragraph 18 of the First Amended Complaint, and each of them.

19. Defendants admit that on or about September 21, 2009 Medtronic announced that Kyphon Sàrl would be offering the Kyphon Cement Delivery System for sale. Defendants also admit that it has made no additional payments to Pabban

1  under the APA. Defendants deny the remaining allegations contained in paragraph 19
2  of the First Amended Complaint, and each of them.
3
4      20.    Defendants admit that they have not made any additional payments to
5  Pabban under the APA and that no additional payments are required. Defendants
6  deny the remaining allegations contained in paragraph 20 of the First Amended
7  Complaint, and each of them.
8
9      21.    Defendants deny the allegations contained in paragraph 21 of the First
10 Amended Complaint, and each of them.
11
12     22.    Defendants admit that as a document in writing the APA is the best
13 evidence of its terms and conditions. To the text that the allegations contained in
14 paragraph 22 of the First Amended Complaint are inconsistent with the APA,
15 Defendants deny those allegations and each of them.
16
17     23.    Defendants deny the allegations contained in paragraph 23 of the First
18 Amended Complaint, and each of them.
19

## FIRST CAUSE OF ACTION
### (BREACH OF WRITTEN CONTRACT AGAINST DEFENDANT KYPHON SÀRL)

24. Defendants adopt and incorporate by reference as if fully stated herein their responses to paragraphs 1-23 of the First Amended Complaint.

25. Defendants admit that Kyphon Sàrl and Pabban entered into an Asset Purchase Agreement on or about August 7, 2008. Defendants deny the remaining

DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S ANSWER TO FIRST AMENDED COMPLAINT,
COUNTERCLAIM AND THIRD-PARTY COMPLAINT

allegations contained in paragraph 25 of the First Amended Complaint, and each of them.

26. Defendants deny the allegations contained in paragraph 26 of the First Amended Complaint, and each of them.

27. Defendants admit the allegations contained in paragraph 27 of the First Amended Complaint, and each of them.

28. Defendants deny the allegations contained in paragraph 28 of the First Amended Complaint, and each of them.

29. Defendants admit that Kyphon Sàrl paid Pabban $18,750,000 pursuant to the terms and conditions of the APA. To the extent that any of the allegations contained in paragraph 29 of the First Amended Complaint are inconsistent herewith, Defendants deny those allegations, and each of them.

30. Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint, and each of them.

31. Defendants deny the allegations contained in paragraph 31 of the First Amended Complaint, and each of them.

32. Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint, and each of them.

## SECOND CAUSE OF ACTION

## (BREACH OF GUARANTY AGAINST DEFENDANT MEDTRONIC INC.)

33. Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-32 of the First Amended Complaint.

34. Defendants admit that Kyphon Sàrl and Pabban entered into an APA on or about August 7, 2008, and that Medtronic executed the APA as a guarantor of Kyphon Sàrl's obligations, if any. Defendants deny the remaining allegations of paragraph 34 of the First Amended Complaint, and each of them.

35. Defendants admit that Kyphon Sàrl and Pabban entered into an Asset Purchase Agreement on or about August 7, 2008. Defendants deny the remaining allegations contained in paragraph 35 of the First Amended Complaint, and each of them.

36. Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint, and each of them.

37. Defendants admit the allegations contained in paragraph 37 of the First Amended Complaint, and each of them.

38. Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint, and each of them.

39. Defendants admit the allegations contained in paragraph 39 of the First Amended Complaint, and each of them.

40. Defendants deny the allegations contained in paragraph 40 of the First Amended Complaint, and each of them.

41. Defendants admit that as a document in writing the APA is the best evidence of its terms and conditions. To the extent the allegations contained in paragraph 41 of the First Amended Complaint are inconsistent with the express provision in the APA, Defendants deny those allegations, and each of them.

42. Defendants deny the allegations contained in paragraph 42 of the First Amended Complaint, and each of them.

43. Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint, and each of them.

44. Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint, and each of them.

## THIRD CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANTS KYPHON SÀRL, AND MEDTRONIC)

45. Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-45 of the First Amended Complaint.

46. Defendants admit that Kyphon Sàrl and Pabban entered into an APA on or about August 7, 2008, and that Medtronic executed the APA as a guarantor of Kyphon Sàrl's obligations, if any. Defendants deny the remaining allegations of paragraph 46 of the First Amended Complaint, and each of them.

DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

47. Paragraph 47 of the First Amended Complaint contains assertions of law (not facts) and thus, no response from Defendants is required. To the extent that paragraph 47 of the First Amended Complaint contains factual allegations, Defendants deny these allegations, and each of them.

48. Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint, and each of them.

49. Defendants deny the allegations contained in paragraph 49 of the First Amended Complaint, and each of them.

## FOURTH CAUSE OF ACTION
## (COMMON COUNT FOR REASONABLE VALUE OF GOODS SOLD AND DELIVERED AGAINST DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.)

50. Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-49 of the First Amended Complaint.

51. Defendants admit that on or about August 7, 2008 Pabban sold to Kyphon Sàrl goods that included the Natrix System. Defendants deny the remaining allegations contained in paragraph 51, and each of them.

52. Defendants deny the allegations contained in paragraph 52 of the First Amended Complaint, and each of them.

53. Defendants deny the allegations contained in paragraph 53 of the First Amended Complaint, and each of them.

DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

54. Defendants deny the allegations contained in paragraph 54 of the First Amended Complaint, and each of them.

## FIFTH CAUSE OF ACTION
## (DECLARATORY RELIEF AGAINST KYPHON SARL)

55. Defendants adopt and incorporate by reference as if fully set forth herein their responses to paragraphs 1-54 of the First Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the First Amended Complaint, and each of them.

57. Defendants admit the allegations contained in paragraph 57 of the First Amended Complaint, and each of them.

58. Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint, and each of them.

59. Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint, and each of them.

60. Defendants admit that Pabban breached the APA and that Pabban is liable to Kyphon Sàrl for amounts in excess of $15 million. Defendants further admit that Kyphon Sàrl sent a letter to Pabban dated April 7, 2009.

61. Defendants deny the allegations contained in paragraph 61 of the First Amended Complaint, and each of them.

62. Defendants admit that an actual controversy has arisen between Pabban, Kyphon Sàrl and others and that Kyphon Sàrl has complied with all of its obligations under the APA. Defendants deny the remaining allegations contained in paragraph 62 of the First Amended Complaint, and each of them.

63. Defendants deny the allegations contained in paragraph 63 of the First Amended Complaint, and each of them.

64. Defendants deny the allegations contained in paragraph 64 of the First Amended Complaint, and each of them.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Kyphon Sàrl and Medtronic, Inc. incorporate herein their responses to paragraphs 1-64 of the First Amended Complaint and deny that Plaintiff is entitled to any of the relief it has requested in the First Amended Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Set Off)

Pabban's claims fail in whole or in part pursuant to Defendants' right to set-off.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Pabban's claims fail in whole or in part pursuant to the doctrine of unclean hands.

DEFENDANTS KYPHON SÀRL AND MEDTRONIC, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT