1  JOSEPH E. THOMAS (State Bar 101443)
   jthomas@twtlaw.com
2  JAMES M. WHITELAW (State Bar No. 171974)
   jwhitelaw@twtlaw.com
3  THOMAS B. KING (State Bar No. 241661)
   tking@twtlaw.com
4  **THOMAS WHITELAW & TYLER LLP**
   18101 Von Karman Avenue, Suite 230
5  Irvine, California 92612-7132
   Telephone: (949) 679-6400
6  Facsimile: (949) 679-6405

7  Attorneys for Plaintiff PABBAN
   DEVELOPMENT, INC. and
8  Counterclaim Defendants HARRY N.
   HERBERT, BIOMEDICAL DEVICES,
9  INC., and BIOMEDICAL DEVICES
   INTERNATIONAL, INC.

10
   STUART A. SHANUS (State Bar No. 188046)
11 FRANCISCA M. MOK (State Bar No. 206063)
   KATHERINE W. INSOGNA (State Bar No. 266326)
12 MICHAEL A. GARABED (State Bar No. 223511)
   **REED SMITH LLP**
13 1901 Avenue of the Stars, Suite 700
   Los Angeles, CA 90067-6078
14 Telephone: (310) 734-5200
   Facsimile: (310) 734-5299
15
   Attorneys for Defendants and Counterclaimants
16 KYPHON SARL, MEDTRONIC, INC.

17

18           UNITED STATES DISTRICT COURT

19       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

20

| | |
|---|---|
| 21 PABBAN DEVELOPMENT, INC., | CASE NO. SACV 10-533 CJC (RNBx) |
| 22      Plaintiff, | **[PROPOSED]** PROTECTIVE ORDER |
| 23   vs. | |
| 24 KYPHON SARL, et al. | Disc. Cutoff: May 4, 2012<br>Pretrial Conf.: August 6, 2012<br>Trial Date: August 14, 2012 |
| 25      Defendants. | |

26
27
28

**STATEMENT OF GOOD CAUSE FOR ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**

This case involves a contract dispute concerning medical devices and valuable intellectual property. Discovery and trial of this case will involve the exchange of highly sensitive information that would have value to the parties' competitors. Such information may include confidential business strategies, financial data, product design and manufacturing details, blueprints, customer lists, confidential research, development, or commercial information, and other information that is not available to the public. The parties have several direct competitors that might gain an unfair advantage if the documents exchanged in this lawsuit were made public. Therefore, in agreement with the principles laid out in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, (9th Cir. 2003), the parties have submitted this agreed protective order.

WHEREAS, in connection with the above-captioned matter, certain information, documents and things containing trade secrets (as defined by California Civil Code § 3426.1), and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to be bound by the terms of this Order and have presented the same for entry as an Order of the Court;

**IT IS HEREBY ORDERED:**

1. This Protective Order shall apply to all information, documents, testimony and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY (collectively "Confidential Information") by the

parties or nonparties as provided in this Order. As used herein, "Confidential Information" means any information, documents, testimony and things so designated as more fully described in paragraphs 3a and b below.

2. All Confidential Information is provided solely for the purpose of this litigation between the parties and may not be used for any other purpose, except by leave of court on motion with notice to all interested parties.

3. Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion thereof, each premise or thing or portion thereof, which is deemed by a party or by a nonparty producing same that discloses Confidential Information will be so identified and labeled CONFIDENTIAL - PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY - PURSUANT TO COURT ORDER as follows:

    a. A party or nonparty may designate material CONFIDENTIAL only if it, in concurrence with its counsel and in good faith, deems that a reasonable basis exists for limiting dissemination of the material under the standards of FRCP 26 and contains confidential and/or proprietary commercial information that is not generally available to the public.

    b. A party or nonparty may designate material HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY if it, in concurrence with its counsel and in good faith, deems that disclosure of such material to a party to this lawsuit would be injurious to the commercial interests of the designating entity under the standards of FRCP 26 and contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

    c. In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing party or nonparty may identify and mark Confidential Information at the time when an affidavit,

pleading or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided or at the time of the inspection of the premises or thing.

   d. In the case of a depositions and deposition transcripts, the designating party or nonparty shall advise opposing counsel and the Court Reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. The Court Reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL - PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY - PURSUANT TO COURT ORDER, as appropriate. Until the expiration of the 30 day period, the entire transcript shall be deemed CONFIDENTIAL absent an agreement by the parties on the record.

  4. Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response, will not prevent a subsequent confidentiality designation by letter or email to counsel of record promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt that communication shall not be a violation of this Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such communication.

  5. Unless and until the Court rules that any material so identified as CONFIDENTIAL is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of Confidential Information, shall be limited to:

|   |   |
|---|---|
| 1 |       a.    Outside litigation Counsel of Record and their partners, associates, and their employees (including full-time stenographic, clerical and paralegal employees), and their outside copy services; |

      a.    Outside litigation Counsel of Record and their partners, associates, and their employees (including full-time stenographic, clerical and paralegal employees), and their outside copy services;

      b.    Independent experts or consultants for a party, and their full-time clerical employees who are not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action provided, however, that at least seven (7) days prior to the disclosure of Confidential Information under this paragraph materials designated HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY: (1) such persons are identified in writing to each party in the action; (2) the resume of the expert or consultant is provided to each party in the action; (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the action. If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 3 business days after receipt of all of the information set forth herein and no disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY shall occur until all objections are resolved by the parties or by the trial court.

      c.    Persons appearing for deposition provided that such persons: (l) authored or received such Confidential Information; (2) are established as being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) is a current employee of the party (or non-party) that produced the Confidential Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information). If a nonparties' Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to nonparties as well.

      d.    The Court and its officers (including court reporters);

110784v5      4      SACV 10-533 CJC (RNBx)
PROTECTIVE ORDER

e. Any person who is employed by or is an officer of the parties, provided that such person executes Exhibit A and agrees to be bound by this Order;

f. Any other person that the parties hereto agree to in writing, provided that such person executes Exhibit A and agrees to by bound by this Order.

g. Any person listed on the initial disclosures of any of the parties as of June 23, 2011, provided that such person first executes Exhibit A and agrees to be bound by this Order. A copy of any Exhibit A that is executed by a person subject to this paragraph shall be promptly provided to the opposing party.

6. Unless and until the Court rules that any material so identified as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of Confidential Information, shall be limited to persons identified in paragraphs 5(a)-(d) above. The parties and any person subject to paragraph 5(f) shall not be entitled to receive material identified as HIGHLY CONFIDENTIAL information absent written agreement of the parties or further Order of the Court pursuant to paragraph 11 herein.

7. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8. This Protective Order shall not foreclose any of the parties from moving this Court for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26 or that Confidential Information designated as HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY should be reclassified

as CONFIDENTIAL.  Any such motion shall comply with L.R. 37-1 and L.R. 37-2, and shall be subject to the provisions of Federal Rule 37 with respect to the payment of expenses.  The party designating the material shall have the burden of proving that the designation is proper.

9. This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief herefrom or for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.  No modification of this order will have the force or effect of a Court Order unless the Court approves the modification.

10. Subject to the limitations of this Protective Order, Confidential Information identified in accordance with paragraph 3 hereto may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, or for any other purpose as this Court may allow.

11. In the event that a party desires to provide access to Confidential Information hereunder to any person or category of persons not included in paragraphs 5 or 6 hereof or under terms and conditions other than as the parties have agreed pursuant to paragraph 5 or 6 hereof, the party desiring to provide access shall move this Court for an order that such person or category of persons may be given access to the Confidential Information under such terms and conditions as the party shall designate in its motion papers.  In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

12. Within ninety (90) days after final termination of this case, receiving counsel shall: 1) return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof, except, however, counsel may retain one copy of any

pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information, subject to paragraph 15 below; and 2) provide copies of Exhibit A signed by individuals that agreed to be bound by this Protective Order.

13. No copy of any deposition transcript or any portion thereof designated as Confidential Information shall be prepared or furnished by the reporter to any person other than to the outside counsel of record for the parties or counsel for the witness that was deposed. If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with paragraph 6 above unless otherwise agreed upon by the parties.

14. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action, however.

15. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

16. Nonparties may produce information and documents that will be governed by the terms of this Order by agreeing in writing to be bound by the terms

1. of this Order and following the procedure for designating Confidential Information
2. described elsewhere in this Order.
3.     17. This Protective Order has no effect upon, and shall not apply to, a
4. party's use or disclosure of its own Confidential Information for any purpose. Also,
5. nothing contained herein shall impose any restrictions on the use or disclosure by
6. the Receiving Party of information that: (a) was already known to such party by
7. lawful means prior to its disclosure by the Designating Party in this action; (b) is or
8. becomes publicly known through no fault of the Receiving Party; or (c) is rightfully
9. received by the Receiving Party from a third party which has authority to provide
10. such information and who is without restriction on the use or disclosure of such
11. information.

    IT IS SO ORDERED:

DATED: July 5, 2011

_____
Honorable Robert N. Block
United States Magistrate Judge

# EXHIBIT A

UNDERTAKING OF

I, _____ , state that:

1. My address is
2. My present employer is
3. My present occupation or job description is
4. My past and present business relationships with the party retaining my services are:
5. I have received a copy of the Protective Order in this action signed by the United States Magistrate Judge.
6. I have read and understand all of the provisions of the Protective Order.
7. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order or use any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY which are disclosed to me except as permitted by that Order.
8. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.
9. I agree to return all CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after litigation between the parties has ended.
10. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order.

DATED: _____