JOSEPH E. THOMAS (State Bar 101443)
*jthomas@twtlaw.com*
JAMES M. WHITELAW (State Bar No. 171974)
*jwhitelaw@twtlaw.com*
KERRI A. RICH (State Bar No. 239667)
*krich@twtlaw.com*
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone: (949) 679-6400
Facsimile: (949) 679-6405

Attorneys for Plaintiff/Counterdefendant, Pabban Development, Inc., and Counterdefendants, Bio-Medical Devices, Inc., and Bio-Medical Devices International, Inc., and Harry N. Herbert

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABBAN DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KYPHON SARL, et al. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CASE NO. SACV 10-533 BRO(RNBx) <br><br> **NOTICE OF MOTION AND MOTION FOR:** <br> **1) JUDGMENT AGAINST MEDTRONIC, INC. ON ITS DECLARATORY RELIEF COUNTERCLAIM; OR ALTERNATIVELY** <br> **2) JUDGMENT AS A MATTER OF LAW ON PABBAN'S BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 50(b); OR ALTERNATIVELY** <br> **3) NEW TRIAL ON PABBAN'S BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 59(a)** <br><br> DATE: June 23, 2014 <br> TIME: 1:30 p.m. <br> DEPT: 14 <br><br> Judge: Hon. Beverly Reid O'Connell <br><br> Disc. Cutoff: July 10, 2012 <br> Pretrial Conf.: January 22, 2014 <br> Trial Date: April 29, 2014 |

165059

# TABLE OF CONTENTS

                                                                                                                **Page**

1. INTRODUCTION .................................................................................................. 1
2. PABBAN MOVES FOR JUDGMENT IN ITS FAVOR ON MEDTRONIC'S DECLARATORY RELIEF COUNTERCLAIM. ................. 2
3. IN THE ALTERATIVE, PABBAN RENEWS ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON ITS BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 50(b) ........ 3
    a.    The Court Previously Denied Pabban's Rule 50(a) Motion, Giving the Court the Authority to Decide the Rule 50(b) Motion. ......... 3
    b.    Judgment as a Matter of Law Under Rule 50(b) on the Breach of Contract Claim Against Medtronic is Necessary Based on the Undisputed Facts. ................................................................................ 4
    c.    Judgment as a Matter of Law May Be Used to Correct an Irrational Portion of an Inconsistent Verdict .......................................... 5
4. IN THE ALTERNATIVE, THE COURT MAY ORDER A NEW TRIAL ON PABBAN'S BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 59(a). ............................................. 6
5. CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*American Cas. Co. of Reading, PA. v. B. Cianciolo, Inc.*,
　987 F.2d 1302 (7th Cir. 1993) .................................................................. 6

*Brett v. Hotel, Motel, etc., Local 879*,
　828 F.2d 1409 (9th Cir. 1987) .................................................................. 3

*EEOC. v. Go Daddy Software, Inc.*,
　581 F.3d 951 (9th Cir. 2009) .................................................................... 4

*Farley Transp. Co. v. Santa Fe Trail Transp. Co.*,
　786 F.2d 1342 (9th Cir. 1985) .................................................................. 3

*Harper v. City of L.A.*,
　533 F.3d 1010 (9th Cir. 2008) .................................................................. 4

*In re U.S. Financial Sec. Litigation*,
　609 F.2d 411 (9th Cir. 1979) .................................................................... 6

*Molski v. M.J. Cable, Inc.*,
　481 F.3d 724 (9th Cir. 2007) .................................................................... 6

*Mycogen Plant Sci., Inc. v. Monsanto Co.*,
　243 F.3d 1316 (Fed. Cir. 2001) ................................................................ 6

*Nitco Holding Corp. v. Boujikian*,
　491 F.3d 1086 (9th Cir. 2007) .................................................................. 3

*Passantino v. Johnson & Johnson Consumer Prods.*,
　212 F.3d 493 (9th Cir. 2000) .................................................................... 6

*Pavao v. Pagay*,
　307 F.3d 915 (9th Cir. 2002) .................................................................... 4

*Public Affairs Associates, Inc. v. Rickover*,
　369 U.S. 111 (1962) .................................................................................. 2

*Shaw v. San Joaquin County*,
　2006 U.S. Dist. LEXIS 34813, at *4 (E.D. Cal. May 18, 2006) .............. 4

*Siemens v. Seagate Tech.*,
　2009 U.S. Dist. LEXIS 132522, at *2 (C.D. Cal. Apr. 27, 2009) ............ 4

*Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply*,
　106 F.3d 894 (9th Cir. 1997) .................................................................... 6

**STATUTES**

Fed. R. Civ. Proc. 50(b) ................................................................................... 1, 3

Fed. R. Civ. Proc. 59(a) ................................................................................... 1, 6

Fed.R.Civ.P. 59 ..................................................................................................... 6

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that at 1:30 p.m. on June 23, 2014, or as soon
3  thereafter as the matter may be heard in Courtroom 14 of the above-entitled court,
4  Plaintiff/Counterdefendant, Pabban Development, Inc. ("Pabban") will and hereby
5  does move the Court for: (1) a declaration and judgment in favor of Pabban and
6  against Medtronic Inc. ("Medtronic") on Medtronic's claim for declaratory
7  judgment; in the alternative, (2) judgment as a matter of law on Pabban's breach of
8  contract claim against Medtronic under Rule 50(b); and, in the alternative, (3) a new
9  trial on Pabban's breach of contract claim against Medtronic, under Rule 59(a).

10  As to the first basis of the Motion, Pabban moves the Court on the ground that
11  Medtronic, unconditionally guaranteed Kyphon Sarl's payment and performance
12  under Paragraph 8.13 of the APA. Kyphon Sarl is in breach of the payment
13  provisions of the APA. Medtronic admitted in the Final Pretrial Order as a
14  stipulated fact that it has not made payments to Pabban. (Dkt. 197-1) As such, as
15  matter of law, Medtronic, is in breach of the guarantee provision of the APA.

16  As to the second and alternative basis of the Motion, Pabban moves the Court
17  on the ground that it renews its motion for judgment as a matter of law under Rule
18  50(b). The jury's confusion, as evidenced by its question to the Court and as invited
19  by Defendants, over the distinction between Medtronic and Kyphon Sarl must be
20  corrected as a matter of law. Medtronic unconditionally guaranteed the payments of
21  Kyphon Sarl, which it is undisputed were not made, and therefore, there is no
22  evidence to support the jury's verdict as to Medtronic  Because the evidence is
23  undisputed, the Court should enter judgment as a matter of law on this issue.

24  Finally, as to the third and alternative basis of the Motion, Pabban moves the
25  Court for a new trial on the limited issue of Medtronic's liability and damages
26  stemming from Pabban's breach of contract claim. There was evidence of juror
27  confusion and the finding of no breach by Medtronic is contrary to the clear weight
28  of the evidence.

1  This motion is based on this Notice, the accompanying Memorandum of
2  Points and Authorities, the accompanying Declaration of Joseph E. Thomas, the
3  exhibits lodged with the Court, the records and pleadings on file in this matter, and
4  such other evidence and argument that the Court may permit.

DATED: May 16, 2014        THOMAS WHITELAW & KOLEGRAFF LLP

By: _____/s/ Joseph E. Thomas_____
JOSEPH E. THOMAS
KERRI A. RICH
Attorneys for Plaintiff/Counterdefendant,
Pabban Development, Inc., and
Counterdefendants, Bio-Medical Devices,
Inc., and Bio-Medical Devices
International, Inc., and Harry N. Herbert

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

Plaintiff and Counter-defendant Pabban Development, Inc. ("Pabban"), moves the Court for judgment in favor of Pabban on Defendants' declaratory judgment action. Alternatively, Pabban moves the Court pursuant to Fed. R. Civ. Proc. 50(b) for renewed judgment as a matter of law, ruling that defendant Medtronic, Inc. ("Medtronic") breached the guaranty provision of the Asset Purchase Agreement ("APA"), and allowing all unaffected verdicts to stand. Finally and also alternatively, Pabban moves the Court to grant new trial under Fed. R. Civ. Proc. 59(a) on the issues of whether Medtronic breached the guaranty provision of the APA and the damages suffered by Pabban as a result of Medtronic's breach.

Following a week-long trial, the jury found that Kyphon Sarl breached the APA. The jury rejected all claimed defenses, including set-off and fraud. The jury, however, exhibited confusion over the distinction between Kyphon Sarl and Medtronic, the latter unconditionally guaranteeing the payment and performance by Kyphon Sarl. Because of this, the jury erroneously found that, while Kyphon Sarl was in breach of the APA and caused $15,416,000 in damages, Medtronic was not in breach of the APA. Because it is undisputed that Medtronic has not made any payments to Pabban under the APA, judgment should be entered in favor of Pabban and against Medtronic, as well as Kyphon Sarl.

For these reasons, as discussed more fully below, Pabban requests that this court enter judgment in favor of Pabban on Defendants' declaratory judgment claim, enter judgment under Rule 50(b) against Medtronic, or alternatively grant a new trial under Rule 59(a).

## 2. PABBAN MOVES FOR JUDGMENT IN ITS FAVOR ON MEDTRONIC'S DECLARATORY RELIEF COUNTERCLAIM.

Pabban moves for an order in favor of Pabban on Medtronic's claim for declaratory judgment on the issue of whether Medtronic is in breach of the APA. (Dkt. 36, at p. 28, ¶¶60-64 (claim for Declaratory Judgment filed by Medtronic against Pabban) As Medtronic seeks declaratory judgment, such judgment is reserved for the Court as an equitable issue outside the province of the jury. *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

On May 8, 2014, a jury returned a verdict finding that Kyphon Sarl had breached the APA and owed Pabban $15,416,000. (Dkt. 301)

Paragraph 8.13 of the APA provides that:

Medtronic, Inc. hereby agrees to cause Medtronic [defined to be Kyphon Sarl] to comply with and to satisfy its obligations under this Agreement or the Related Agreements, subject to the terms and conditions hereof and whenever this Agreement or the Related Agreements require Medtronic [Kyphon Sarl] to take any action, such requirement hereby includes an undertaking of Medtronic, Inc. to cause Medtronic [Kyphon Sarl] to take such action and Medtronic, Inc. hereby guarantees the payment and performance of all Medtronic's [Kyphon Sarl's] obligations under this Agreement or the Related Agreements.

(Declaration of Joseph E. Thomas Submitted in Support of Motion ("Thomas Decl."), ¶2, Ex. A (Tr. Ex. 31 (APA)))

The parties stipulated that Medtronic has not made any payments to Pabban under the APA. (Thomas Decl., ¶3, Dkt. 197-1 (Final Pretrial Order), at p. 6:18 (Stipulated Fact No. 21 ("Medtronic has not made any payments to Pabban under the APA."))) As such, Medtronic is, as a matter of law, unconditionally required to guarantee and make the payment of Kyphon Sarl. Having failed to do so, Medtronic is in breach of the guaranty provision of the APA.

Thus, because Kyphon Sarl has been found liable for breach of the APA for failing to pay amounts due and owing to Pabban under the APA and all defenses brought by Kyphon Sarl were rejected by the jury, Medtronic, as unconditional guarantor of those payments, is jointly and severally liable with Kyphon Sarl for the $15,416,000 due and owing to Pabban. (Thomas Decl., ¶2, Ex. A (Tr. Ex. 31,

(APA) at ¶8.13)

For these reasons, Pabban requests that the Court enter a declaration against Medtronic, finding that Medtronic is in breach of the APA in the amount of $15,416,000 and enter judgment against Medtronic accordingly in this amount.

**3. IN THE ALTERATIVE, PABBAN RENEWS ITS MOTION FOR JUDGMENT AS A MATTER OF LAW ON ITS BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 50(b)**

### a. The Court Previously Denied Pabban's Rule 50(a) Motion, Giving the Court the Authority to Decide the Rule 50(b) Motion.

Pabban renews its motion to direct entry of judgment against Medtronic on the breach of contract claim. Fed. Rule Civ. Proc. 50(b). It is well settled that a post-verdict motion for judgment as a matter of law pursuant to Rule 50(b) must be preceded by a motion for directed verdict pursuant to Rule 50(a). *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007); *Brett v. Hotel, Motel, etc., Local 879*, 828 F.2d 1409, 1413 n.5 (9th Cir. 1987).

Here, Pabban preserved its right to seek a renewed judgment as a matter of law regarding the irrational and inconsistent verdict when Pabban's counsel, Mr. Thomas, requested that the Court direct to jury to find in favor of Pabban on the breach of contract claim against Medtronic as a matter of law given the jury's finding of breach against Kyphon Sarl. (Thomas Decl., ¶4, Ex. B, (May 8, 2014 hearing transcript at 1136:14-1138:05, 1139:8-14))

The request by Pabban's counsel to instruct the jury to return a verdict in its favor has been held to be the equivalent of a motion for directed verdict. *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1347 (9th Cir. 1985) (recognizing that "a request for a jury instruction directing the jury to return a verdict in favor of the moving party was the equivalent of a motion for a directed verdict.") Similarly, in considering the sufficiency of a directed verdict pursuant to Rule 50(a), "rigid application of the notice requirement has been deemed inappropriate." *Shaw v. San Joaquin County*, 2006 U.S. Dist. LEXIS 34813, at *4

165059

3

(E.D. Cal. May 18, 2006).

  b. **Judgment as a Matter of Law Under Rule 50(b) on the Breach of Contract Claim Against Medtronic is Necessary Based on the Undisputed Facts.**

  Under Rule 50(b), which applies the same standard as Rule 50(a), the court may grant a motion for judgment as a matter of law against the party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *EEOC. v. Go Daddy Software, Inc.,* 581 F.3d 951, 961-63 (9th Cir. 2009); *see also*, *Reeves v Sanderson Plumbing Prods., Inc.,* 530 US 133(2000). The Ninth Circuit has provided that "[o]ur inquiry is whether...the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Harper v. City of L.A.*, 533 F.3d 1010, 1022-1023 (9th Cir. 2008), quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); *Siemens v. Seagate Tech., 2009 U.S. Dist. LEXIS 132522*, at *2 (C.D. Cal. Apr. 27, 2009).

  In the present suit, construing the evidence in the light most favorable to the nonmoving party, there exists only one reasonable conclusion—Medtronic is in breach of the guaranty provision of the APA.

  The jury found that Kyphon Sarl was in breach of APA. (Dkt. 301) The jury rejected all of Kyphon Sarl's defenses, including set-off and fraud. (Dkt. 301) The jury further awarded Pabban $15,416,000 in damages. (Dkt. 301)

  However, in response to whether Medtronic breached the APA, the jury responded in the negative, a finding at odds and inconsistent with its conclusions as to Kyphon Sarl, given the language of the APA. Paragraph 8.13 of the APA sets forth that Medtronic guarantees the payment and performance of all of Kyphon Sarl's obligations under the APA. This point was acknowledged by Medtronic's counsel when he explained to the Court that, "the Asset Purchase Agreement requires Medtronic to guarantee the obligations of Kyphon Sarl." (Thomas Decl.,

165059
4

¶4, Ex. B, (hearing transcript at 1119:23-25)).

In addition to the plain language of the APA, the parties stipulated that "Medtronic has not made any payments to Pabban under the APA." (Thomas Decl. ¶3, Dkt. 197-1 (Final Pretrial Order) at p.6:18, Fact No. 21). Thus, the question of whether Medtronic has made any payments on behalf of Kyphon Sarl under the guaranty provision of the APA is not in dispute here.

Accordingly, given that (1) under section 8.13 of the APA, Medtronic was unconditionally obligated to guarantee the payments of any and all of Kyphon Sarl's obligations to Pabban, (2) the jury found that Kyphon Sarl was in breach for failure to make payments to Pabban; (3) Medtronic has not made any payments to Pabban, then Medtronic is in breach of the APA. Pabban requests that the Court enter judgment as a matter of law on this point, finding Medtronic in breach of the APA.

### c. Judgment as a Matter of Law May Be Used to Correct an Irrational Portion of an Inconsistent Verdict

The jury evidenced confusion over the liability of Kyphon Sarl, on one hand, and Medtronic, on the other. (Dkt. 299 (Jury Note No. 1)) The confusion, however, stemmed from Defendants' counsel reference to the defendants collectively as "Kyphon," which was done throughout the entirety of the trial. (Thomas Decl., ¶4, Ex. B (hearing transcript at 90:1-21)) In fact, this was consistent with the parties understanding that Medtronic's liability was dependent on a finding against Kyphon Sarl. (Thomas Decl., ¶4, Ex. B (hearing transcript at 1118:3-14) ("the breach of the guarantee provision is dependent upon a finding of a breach of the underlying contract."))

As discussed above, the only reasonable conclusion from the evidence is that Kyphon Sarl breached the APA and because Medtronic failed to make any payments to Pabban, Medtronic is in breach of the guaranty provision of the APA. Thus, the jury's inconsistency, as evidenced by their confusion, should be reconciled by the Court by setting aside Question 3 and 4 of the verdict and correcting it. *Mycogen*

*Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1326 (Fed. Cir. 2001) (holding that the district court's remedy of correcting an irrational portion of the jury's verdict was a proper basis upon which to enter judgment as a matter of law); *see also, American Cas. Co. of Reading, PA. v. B. Cianciolo, Inc.*, 987 F.2d 1302 (7th Cir. 1993) (a "judge may dissipate the inconsistency by setting aside one of the conflicting verdicts, if that verdict was unsupported by the evidence"); *see also, Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply*, 106 F.3d 894, 903 (9th Cir. 1997) ("where an identifiable error affected only one of the jury verdicts, and the factual findings necessarily determined by the jury can be discerned from the other verdicts, there is nothing to be gained from a new trial.")

In the present suit, the most reasonable explanation for the jury's confusion was the distinction between Kyphon Sarl and Medtronic  The jury, however, found against Kyphon Sarl and in favor of Pabban on the breach of contract claim, and further, that Pabban did not breach the APA or commit fraud.  (Dkt. 301)  Entering judgment against Medtronic for breach of the APA, would correct the  irrational portion while leaving the unaffected verdicts enforceable.

### 4. IN THE ALTERNATIVE, THE COURT MAY ORDER A NEW TRIAL ON PABBAN'S BREACH OF CONTRACT CLAIM AGAINST MEDTRONIC UNDER RULE 59(a).

Alternatively, the Court may order a new trial limited to the question of whether Medtronic breached the APA and if so, the extent of damages suffered therefrom.  Fed. R. Civ. Proc. 59(a).  It is appropriate to grant a new trial "'if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007), *quoting Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000); *see also In re U.S. Financial Sec. Litigation,* 609 F.2d 411, 432 (9th Cir. 1979) ("A new trial may be granted under Fed.R.Civ.P. 59 when the verdict is against the weight of the evidence, the damages are excessive, or the trial was unfair for some reason.").

1       Here, as explained above, the verdict that Medtronic did not breach the
2 guaranty provision of the Asset Purchase Agreement is irrational and contrary to the
3 evidence.  For this reason, the verdict is contrary to the clear weight of the evidence.
4 Furthermore, allowing Medtronic to escape liability because of jury confusion as to
5 the party's name constitutes a miscarriage of justice.  Accordingly, Pabban
6 alternatively asks the Court to grant a new trial on the limited issue of Medtronic's
7 liability and damages stemming therefrom.

**5.**    **CONCLUSION**

      Pabban requests that the Court enter judgment against Medtronic on its declaratory relief claim, finding that Medtronic is in breach of the APA. Alternatively, Pabban renews its request for judgment as a matter of law on the issue of whether Medtronic breached the APA. Finally, as a further alternative, Pabban requests that the Court grant a new trial on the limited issue of Medtronic's liability and damages under the APA.

DATED:  May 16, 2014             THOMAS WHITELAW & KOLEGRAFF LLP

By:    /s/ Joseph E. Thomas
      JOSEPH E. THOMAS
      KERRI A. RICH
      Attorneys for Plaintiff/Counterdefendant,
      Pabban Development, Inc., and
      Counterdefendants, Bio-Medical Devices,
      Inc., and Bio-Medical Devices
      International, Inc., and Harry N. Herbert